Ralph C. Loeb, Esq. (#124773)
**KRANE & SMITH**
16255 Ventura Boulevard
Suite 600
Encino, CA 91436
(818) 382-4000
Fax: (818) 382-4001

Attorneys for Plaintiff, LIFE ALERT
EMERGENCY RESPONSE, INC.

FILED

2008 APR -2  PH 2: 02

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LIFE ALERT EMERGENCY
RESPONSE, INC., a
California corporation,

        Plaintiff,

vs.

LIFEWATCH, INC., a New
York corporation,

        Defendant.

CASE NO. **CV08-02184** _CAS_

**(FFMx)**

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGE-MENT UNDER 15 U.S.C. 1114;**
2. **VIOLATION OF 15 U.S.C. §1125(a); and**
3. **UNFAIR COMPETITION.**

**DEMAND FOR JURY TRIAL**

F:\CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT 001.wpd

1

COMPLAINT

1   Plaintiff LIFE ALERT EMERGENCY RESPONSE, INC. ("Life Alert")

2   alleges as follows:

### JURISDICTION AND VENUE

3
4       1.   This is a civil action for trademark infringement and

5   dilution, false designation of origin, and unfair competition

6   arising under the Lanham Act of 1946, as amended, 15 U.S.C.

7   §§1051-1127.  The Court has subject matter jurisdiction pursuant

8   to 28 U.S.C. §1391(b).

9       2.   Venue is proper in this Court pursuant to 28 U.S.C.

10  §1391(b).

### PARTIES

11
12      3.   Life Alert is a California corporation with its

13  principal place of business in the County of Los Angeles,

14  California.

15      4.   Life Alert is informed and believes, and thereupon

16  alleges, that Defendant, Lifewatch, Inc. ("Defendant") is a New

17  York corporation and is subject to the jurisdiction of this

18  Court.

### BACKGROUND FACTS

19
20      5.   Life Alert has been in the business of providing

21  emergency medical response services and related products for

22  seniors on a 24-hour a day, 7 day a week basis for more than

23  twenty years.

24      6.   Life Alert has adopted "Life Alert" as a trademark

25  ("Life Alert Mark").

26
27
28  P:\CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT.001.wpd          2

---

COMPLAINT

7.   Life Alert is the owner of federal registrations of the Life Alert Mark on the Principal Register of the United States Patent and Trademark Office including, U.S. Reg. Nos. 2552506 and 2641470.

8.   Life Alert has also adopted the phrases "Help, I've Fallen and I Can't Get Up!" and "I've fallen and I can't get up!" as trademarks (collectively, "Can't Get Up Marks").

9.   Life Alert is the owner of Federal Registrations of the Can't Get Up Marks on the Principal Register of the United States Patent and Trademark Office including, U.S. Registration Nos. 2630737 and 3255726.

10.   The Life Alert Mark and the Can't Get Up Marks are instantly recognizable as being associated with the goods and services of Life Alert.  The Life Alert Mark and Can't Get Up Marks have appeared in numerous advertisements, websites, brochures and solicitations for Life Alert .

11.   Life Alert has expended great effort and substantial sums of money in making the Life Alert Mark and the Can't Get Up Marks well known to the public.  In so doing, Life Alert has established a reputation for quality in connection with all of its products and services bearing or sold under the Life Alert Mark and/or the Can't Get Up Marks.

12.   Life Alert retains the sole and exclusive right in the United States to use and control the use of the Life Alert Mark and Can't Get Up Marks together with the right to bring and maintain actions relating to the infringement, disparagement,

1  dilution or other misappropriation of the Life Alert Mark and/or

2  Can't Get Up Marks.

3  13.  Products and services bearing and sold under the Life

4  Alert Mark and/or the Can't Get Up Marks have achieved

5  popularity in the marketplace.

6  14.  As a result of the high quality of the products and

7  services sold by Life Alert in conjunction with the Life Alert

8  Mark and/or the Can't Get Up Marks, and as a result of the

9  extensive advertising, sale and public acceptance of those

10 products and services, the public has come to view the Life

11 Alert Mark and/or the Can't Get Up Marks to identify Life

12 Alert's products and services exclusively.  The Life Alert Mark

13 and/or the Can't Get Up Marks have come to symbolize the

14 goodwill created by the sale and distribution of high-quality

15 products and services of Life Alert.

16 **DEFENDANT'S UNLAWFUL ACTIVITIES**

17 15.  Notwithstanding Life Alert's rights in and to the Life

18 Alert Mark and the Can't Get Up Marks, and with notice of Life

19 Alert's rights therein, Life Alert is informed and believes, and

20 thereupon alleges, that Defendant has violated Life Alert's

21 rights in the Life Alert Mark and/or the Can't Get Up Marks by

22 using the Life Alert Mark and/or the Can't Get Up Marks in the

23 print advertisements, television commercials, metatags, source

24 code and web pages for its websites for the purpose of selling

25 products and services competitive to those of Life Alert.

26

27

28 F. \CLIENT\LIFEALERT\LIFEWATCH\COMPLAINT 001.wpd

4

COMPLAINT

16. Defendant's use of the Life Alert Mark and/or the Can't Get Up Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, confusion, or association of the Defendant with Life Alert, or as to the origin, sponsorship, or approval of the Defendant's goods, services, or commercial activities by Life Alert. Life Alert has neither authorized, nor consented to the use by Defendant of the Life Alert Mark and/or the Can't Get Up Marks, any colorable imitation of them, or any mark confusingly similar to them.

17. Life Alert is informed and believes, and thereupon alleges, the Defendant's purpose in utilizing the Life Alert Mark and/or the Can't Get Up Marks is an attempt to benefit unfairly from the valuable goodwill and excellent reputation established at great expense and effort throughout the United States by Life Alert through the use of the Life Alert Mark and/or the Can't Get Up Marks.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement Under Lanham Act §32, 15 U.S.C. §1114 Against Defendant)

18. Life Alert repeats, repleads and realleges the allegations contained in Paragraphs 1 through 17 as though fully set forth herein.

19. The aforesaid acts of Defendant constitute infringement of the Life Alert Mark and/or the Can't Get Up Marks, in

P:\CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT.001.wpd

5

---

COMPLAINT

1  violation of Section 32(1) of the Lanham Act of 1946, as

2  amended, 15 U.S.C. §1114(1).

3      20.  By reason of the acts of Defendant alleged herein, Life

4  Alert has suffered, is suffering and will continue to suffer

5  damages and irreparable injury.  Unless Defendant is restrained

6  from continuing its wrongful acts, the damage to Life Alert will

7  increase.  Life Alert has no adequate remedy at law.

8                    **SECOND CAUSE OF ACTION**

9                **(Violation of Lanham Act §43(a),**

10             **15 U.S.C. §1125(a) Against Defendant)**

11     21.  Life Alert repeats, repleads and realleges the

12  allegations contained in Paragraphs 1 through 20 as though fully

13  set forth herein.

14     22.  With knowledge of Life Alert's rights in the Life Alert

15  Mark and the Can't Get Up Marks, Defendant continues to make use

16  of the Life Alert Mark and the Can't Get Up Marks, in connection

17  with their goods, services and/or activities in order to

18  capitalize on the notoriety and goodwill of Life Alert.

19     23.  Defendant's acts as alleged above constitute unfair

20  competition and a false designation of origin which is likely to

21  cause confusion, or to cause mistake, or to deceive as to the

22  affiliation, connection or association of Defendant with Life

23  Alert or as to the origin, sponsorship, or approval of

24  Defendant's goods, services and/or activities by Life Alert in

25  violation of the Lanham Act, as amended, 15 U.S.C.

26  §1125(a)(1)(A).

27

28  F:\CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT 001.wpd

24. By reason of the acts of Defendant alleged herein, Life Alert has suffered, is suffering and will continue to suffer damages and irreparable injury. Unless Defendant is restrained from continuing its wrongful acts, the damage to Life Alert will increase. Life Alert has no adequate remedy at law.

### THIRD CAUSE OF ACTION

### (Unfair Competition Against Defendant)

25. Life Alert repeats, repleads and realleges paragraphs 1 through 24, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

26. The conduct of Defendant as herein alleged, constitutes unfair competition in violation of the law of the State of California. The acts and conduct of Defendant complained of herein have caused Life Alert irreparable injury, and will, unless retrained, further impair the value of the Life Alert Mark and the Can't Get Up Marks, intellectual property rights, reputation and goodwill of Life Alert. Life Alert has no adequate remedy at law.

27. Life Alert is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition. Defendant should be forced to disgorge such unlawful profits to Life Alert.

///
///
///
///

F \CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT.001.wpd

7

---

COMPLAINT

**WHEREFORE**, Life Alert prays for judgment against Defendant as follows:

### INJUNCTIVE RELIEF

1. Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

    a.    Using the name or marks "LIFE ALERT," "HELP, I'VE FALLEN AND I CAN'T GET UP!", "I'VE FALLEN AND I CAN'T GET UP" or any colorable imitation thereof, or any other name or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

    b.    Using any false designation of origin or false description that can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product or service manufactured, distributed, sold, offered for sale, or advertised by Defendant is in any manner associated or connected with Life Alert or is sold, manufactured, licensed, sponsored, or approved or authorized by Life Alert;

    c.    Engaging in any other activity constituting an infringement of Life Alert's trademark rights or otherwise unfairly competing with Life Alert; and

F:\CLIENTS\LIFEALERT\LIFMATON\COMPLAINT 001.wpd

8

---

COMPLAINT

d.   Engaging in any other activity that dilutes the distinctive quality of the Life Alert Mark and/or the Can't Get Up Marks by, among other things, using the Life Alert Mark and/or the Can't Get Up Marks in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods or services;

2.   Defendant be directed to deliver up to Life Alert all products bearing the Life Alert Mark and/or the Can't Get Up Marks, any copy, simulation, variation or colorable imitations of the Life Alert Mark and/or the Can't Get Up Marks, and any documents or tangible things that discuss, describe, mention or relate to such products;

3.   Defendant file with the Court and serve upon Life Alert's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction.

## DAMAGES

4.   Defendant be required to account for and pay over to Life Alert all damages sustained by Life Alert and any and all profits realized by Defendant by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

5.   Defendant be required to pay to Life Alert all of its costs, disbursements, and attorneys' fees in this action.

## OTHER RELIEF

6.   For such other and further relief as the Court may deem appropriate to prevent the infringement, disparagement, or dilution of the Life Alert Mark, and/or the Can't Get Up Marks and to prevent the unfair competition that Defendant has engaged in from recurring.

7.   For prejudgment interest.

8.   For such other relief as the Court deems proper.

DATED: April 1, 2008                KRANE & SMITH


                                    By: _Ralph C. Loeb_
                                        RALPH C. LOEB
                                    Attorneys for Plaintiff
                                    LIFE ALERT EMERGENCY
                                    RESPONSE, INC.

F:\CLIENTS\LIFEALERT\LIFEWATCH\COMPLAINT 001.wpd

10

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Life Alert hereby demands a jury trial in this action.

3   DATED: April 1, 2008          KRANE & SMITH

4

5

6                                 By: _Ralph C. Loeb_
                                      RALPH C. LOEB
7                                 Attorneys for Plaintiff
                                  LIFE ALERT EMERGENCY
8                                 RESPONSE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   F:\CLIENTS\LIFEALRT\LIFEWATCH\COMPLAINT 001.wpd          11

_____

                              COMPLAINT

```
Ralph C. Loeb, Esq.
KRANE & SMITH, APC
16255 Ventura Boulevard
Suite 600
Encino, CA. 91436
818-382-4000
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE ALERT EMERGENCY RESPONSE, INC., a California Corporation **Plaintiff(s)** | CASE NUMBER:<br><br>CV08-02184 CAS (FFMx) |
| v.<br><br>LIFEWATCH, INC., a New York corporation, **Defendant(s)** | **SUMMONS** |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

Ralph C. Loeb, Esq. _____ , whose address is:

KRANE & SMITH, APC., 16255 Ventura Boulevard, Suite 600, Encino, CA. 91436; (818) 382-4000;

an answer to the  [X] complaint  [ ] _____ amended complaint  [ ] counterclaim  [ ] cross-claim which is herewith served upon you within 20___ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date: APR 2 2008

By: _____ LA'REE HORN

_____ Clerk

(Seal)
1192

---

CV-1A (01/01)                              **SUMMONS**

CCD-1A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 2184 CAS  (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**CIVIL COVER SHEET**

**I(a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LIFE ALERT EMERGENCY RESPONSE, INC., a California Corporation

**DEFENDANTS**
LIFEWATCH, INC., a New York corporation,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ralph C. Loeb, Esq.
KRANE & SMITH, APC
16255 Ventura Boulevard
Suite 600
Encino, CA. 91436
818-382-4000

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. 1114; VIOLATION OF 15 U.S.C. §1125(a); and UNFAIR COMPETITON.

**VII. NATURE OF SUIT** (Place an X in one box only.)

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 385 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**VIII(a).** IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number:

CV-71 (07/05)
**CIVIL COVER SHEET**
CV08-02184
Page 1 of 2
CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b).  **RELATED CASES:** Have any cases been previously filed that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above
in a, b or c also is present.

IX.  **VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

UPON INFORMATION AND BELIEF, NEW YORK

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES COUNTY

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Ralph C. Loeb_  Date April 1, 2008
RALPH C. LOEB, ESQ.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)  PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)  County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II.  JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.  RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.

(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.  REQUESTED IN COMPLAINT.

Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI.  CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.        Example: U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

VII.  NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a)  IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b)  RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.  VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.  Attorney or party appearing pro per must sign and date this form.

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

    I.      Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    II.     Service of Papers and Process (Local Rule 4)

    III.   Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 01-13].

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in the Civil Cover Sheet and by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3.

## II. SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

---

CV-20 (12/03)                    **NOTICE TO COUNSEL**

# UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

I.      Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
II.     Service of Papers and Process (Local Rule 4)
III.    Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 01-13].

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in the Civil Cover Sheet and by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3.

## II.     SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

CV-20 (12/03)                          NOTICE TO COUNSEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE FROM THE CLERK

Mandatory Civil and Criminal Electronic Filing

In accordance with Federal Rules of Civil Procedure 5(d)(3), Local Rule 5-4, and General Order 08-02, all civil and criminal cases are designated for electronic filing with reasonable exceptions as outlined in General Order 07-08 Sections III (B), V (B) and VII.

Attorneys are encouraged to register in the CM/ECF system as soon as possible.  If you have any questions, please contact the CM/ECF Help Desk at (213) 894-0242 or the CM/ECF website available from the Court's website at www.cacd.uscourts.gov.

**SHERRI R. CARTER**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## CLERK'S OFFICE SERVICES

## FOR ATTORNEYS

## AND THE GENERAL PUBLIC

July 2005

---

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**

Courthouse
Clerk's Office, Room G-8
312 North Spring Street
Los Angeles, California 90012
213-894-1565

213-894-3535
(emergency filing/information 4:00 PM – 5:00 PM)

**SOUTHERN DIVISION**

Ronald Reagan Federal Building and Courthouse
Clerk's Office, Room 1-053
411 West 4th Street
Santa Ana, California 92701-4516
714-338-4750

**EASTERN DIVISION**

U.S. Courthouse
Clerk's Office, Room 134
3470 Twelfth Street
Riverside, California 92501
951-328-4450

---

**Court Reporters Office:**

**Ordering Transcripts**

District court civil and criminal transcripts may be ordered by making financial arrangements with the individual court reporters. To identify which reporter to contact for a specific in-court matter before April 2002, please refer to the appropriate docket entry on the civil or criminal docket sheet which is now electronically available on PACER. For specific in-court matters after April 2002, the court reporter assignment schedule is on the website. Go to Court Reporter Schedule, then view all and select the date you need to check. Transcript orders from magistrate judge courts should be placed with the magistrate judges' courtroom deputy clerk. Please refer to the website for the necessary telephone numbers, applicable fees, and identification of court reporter assignments. For more information, you can call the court reporter supervisor's office at 213-894-3015.

**Ordering Realtime Connection**

Realtime reporting connection should be requested in advance of the trial. Please contact the court reporter supervisor's office to request the realtime connection. There is a separate charge for the realtime connection. Please refer to the transcript rates to determine the cost. The only court reporters who may connect to realtime and charge for it are federally certified realtime court reporters. Many reporters will provide the realtime connection if a daily transcript is being ordered. The attorney must bring his or her own laptop computer.

**Ordering Dailies**

A request for a daily transcript should be made as soon as possible before the trial begins. Please notify the court reporter supervisor's office at least a week in advance of the trial start date in order to request a daily. The daily will not commence until financial arrangements have been made. Please do not walk in to court on the first day of trial and request a daily transcript as reporters need time to prepare.

**Touch Screen**

A touch screen is available in the lobby of each division. This device provides court addresses, hours, telephone numbers, a daily master calendar, and the weekly Post Indictment calendar.

## Jury Section

The court's website offers valuable information to prospective jurors. You may see responses to frequently asked questions, read the General Order 03-12 regarding the selection of Grand and Petit Jurors; download the jury handbook; review jury information for all three divisions; and verify your status/instructions utilizing the Automated Juror Information System (AJIS). Submit questions or comments to the jury section at jury@cacd.uscourts.gov.

## Attorney Work Room

For attorneys, a work room is located on the second floor of the Spring Street Courthouse, on the first floor of the Roybal Federal Building, and on the tenth floor of the Ronald Reagan Federal Building and U.S. Courthouse. These workrooms have Pentium personal computers with access to Westlaw, WordPerfect, and PACER; laser printers; storage lockers; copy machines; and individual conference rooms.

## Evidence Presenters

The clerk's office has evidence presenters available for attorneys to use in court proceedings. This technology connects an overhead projector to monitors which display pictured for the judge, attorneys and the jury. There is no charge for using the equipment; however, due to the high demand for its use, the equipment is reserved on a first-come, served basis. For more information or to reserve the equipment, visit the court's website or contact the appropriate divisions: Western Division at 213-894-1400; Southern Division at 714-338-4785; and Eastern Division at 951-328-4450 or 951-328-4451.

## Videoconferencing

Videoconferencing allows parties at off-site locations to appear at court hearings by way of two-way audio and visual monitors. The appropriate courtroom deputy clerk should be contacted as to whether use of this equipment in the courtroom is permitted for the specific hearing or trial. There are minimal telephone charges but no equipment charges for use of the unit. For more information or to reserve the equipment, visit the court's website or contact the court's Judicial Liaison Officer at 213-894-0222.

---

5474. A one-time enrollment is all that is necessary in order to be registered in this program.

## Records

All pending criminal, civil, magistrate, and multi-district litigation (MDL) cases may be reviewed, at no charge, at the clerk's office. Case files and dockets may be viewed on the same day as requested unless the requested material is unavailable. Certain closed cases are located at the court's storage facility and may be ordered, viewed and copies obtained directly from National Archives and Records Administration (NARA) at 949-360-2629. These files will take several days to retrieve and are subject to a retrieval fee. To identify which clerk's office maintains the case file you wish to view, please refer to the prefix of the case number (two digits after the letters represent the filing year, for example, 05 is year 2005) as follows:

CV 05-0000 - civil      CR 05-0000 - criminal
**Western Division (Los Angeles)**

SACV 05-0000 - civil    SACR 05-0000 - criminal
**Southern Division (Santa Ana)**

EDCV 05-0000 - civil    EDCR 05-0000 - criminal
**Eastern Division (Riverside)**

There is a charge for copies, certifications, and exemplifications. For more information on closed or archived court records, call the appropriate division, send email to records_cacd@cacd.uscourts.gov or visit the court's website. The telephone numbers are listed on the reverse of this brochure.

## Photocopy Service

Photocopy services are available from outside copy services. Please note that exemplifications and copies must still be obtained from the clerk's office. For these options, contact the appropriate vendors: Western Division: 213-272-3975; Southern Division: 714-543-8213; and Eastern Division: 951-328-9995.

## Interpreter Services

The interpreter services section of the clerk's office provides interpreters for all court proceedings instituted by the United States that require the use of a language other than English. The section also makes interpreter referrals in response to inquiries from law firms and the general public in cases where court-appointed interpreters are not indicated. For further information, please go to the court's web site under "General Information", "Interpreters". You may call 213-894 4370 for additional details.

---

The United States District Court, Central District of California is one of the largest federal courts in the nation. The clerk's office has put this brochure together to provide a quick reference for attorneys and the general public regarding the services that are currently available. Feedback and suggestions as to how we might improve our service are always appreciated.

## Web Site

Information about the district court may be obtained on-line. Users can gather information about attorney admission and filing procedures; review master and daily calendars, requirements for court appearances, Local Rules, General Orders and recently issued and published opinions; obtain extensive attorney assistance information plus available court services; download court forms, and keep apprised of recent innovations in the clerk's office. Visit the court's home page at www.cacd.uscourts.gov.

## Office Hours

The clerk's office public hours are 10:00 A.M. - 4:00 P.M., Monday-Friday, excluding court-observed holidays. For after hour drop-off box service has been discontinued. For after hour emergency filings, call the following telephone numbers: Western Division: 213-894-2215, 213-894-4220/4221, after hours: 213-894-2485; Southern Division: 714-338-4786; Eastern Division: 951-328-4470.

## WebPACER

The "Public Access to Court Electronic Records" (PACER) is a browser based electronic retrieval system that provides criminal and civil summaries and docket information using a computer terminal. PACER also provides access to scanned civil judgments, orders, and minute orders. The PACER service is available 24 hours a day, including weekends. To establish a PACER account, contact the PACER Service Center: 800-676-6856.

## Optical Scanning Program

Attorneys who enroll in the Optical Scanning Program are served with civil judgments, orders or other court-issued documents on cases in which they are counsel of record, by facsimile or Internet instead of by regular mail. Documents are electronically transmitted to attorneys, as well as other court-designated non-parties, within 24 hours of the docket entry. There is no charge for this service. To sign up, obtain an enrollment form from the court's website or from any division of the clerk's office, or call 213-894-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVILITY AND PROFESSIONALISM GUIDELINES

## Preamble

In its purest form, law is simply a societal mechanism for achieving justice. As officers of the court, judges and lawyers have a duty to use the law for this purpose, for the good of the people. Even though "justice" is a lofty goal, one which is not always reached, when an individual becomes a member of the legal profession, he or she is bound to strive towards this end.

## *...there is a growing sense that lawyers regard their livelihood as a business, rather than a profession.*

Unfortunately, many do not perceive that achieving justice is the function of law in society today. Among members of the public and lawyers themselves, there is a growing sense that lawyers regard their livelihood as a business, rather than a profession. Viewed in this manner, the lawyer may define his or her ultimate goal as "winning" any given case, by whatever means possible, at any cost, with little sense of whether justice is being served. This attitude manifests itself in an array of obstinate discovery tactics, refusals to accommodate the reasonable requests of opposing counsel re: dates, times, and places; and other needless, time-consuming conflicts between and among adversaries. This type of behavior tends to increase costs of litigation and often leads to the denial of justice.

The Central District recognizes that, while the majority of lawyers do not behave in the above-described manner, in recent years there has been a discernible erosion of civility and professionalism in our courts. This disturbing trend may have severe consequences if we do not act to reverse its course. Incivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice.

The following guidelines are designed to encourage us, the members of the bench and bar, to act towards each other, our clients, and the public with the dignity and civility that our profession demands. In formulating these guidelines, we have borrowed heavily from the efforts of others who have written similar codes for this same purpose. *The Los Angeles County Bar Association Litigation Guidelines*, guidelines issued by other county bar associations within the Central District, the *Standards for Professional Conduct within the Seventh Federal Judicial Circuit*, and the *Texas Lawyer's Creed* all provide excellent models for professional behavior in the law.

We expect that judges and lawyers will voluntarily adhere to these standards as part of a mutual commitment to the elevation of the level of practice in our courts. These guidelines shall not be used as a basis for litigation or for sanctions or penalties.

Nothing in these guidelines supersedes or modifies the existing Local Rules of the Central District, nor do they alter existing standards of conduct wherein lawyer negligence may be determined and/or examined.

## I. Guidelines

### A. Lawyers' Duties to Their Clients

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. We will endeavor to achieve our clients' lawful objectives in legal transactions and in litigation as quickly and economically as possible.

2. We will be loyal and committed to our clients' lawful objectives, but we will not permit that loyalty and commitment to interfere with our duty to provide objective and independent advice.

3. We will advise our clients that civility and courtesy are expected and are not a sign of weakness.

4. We will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that we act in an abusive manner or indulge in any offensive conduct.

5. We will advise our clients that we will not pursue conduct that is intended primarily to harass or drain the financial resources of the opposing party.

6. We will advise our clients that we reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect our clients' lawful objectives. Clients have no right to instruct us to refuse reasonable requests made by other counsel.

7. We will advise our clients regarding availability of mediation, arbitration, and other alternative meth-

ods of resolving and settling disputes.

8. We will advise our clients of the contents of this creed when undertaking representation.

## B. Lawyers' Duties to Other Counsel

### 1. Communications with Adversaries

a. We will adhere to all express promises and to agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

b. When we reach an oral understanding on a proposed agreement or a stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide the other counsel with the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

c. We will not write letters for the purpose of ascribing to opposing counsel a position he or she has not taken, or to create "a record" of events that have not occurred. Letters intended only to make a record should be used sparingly and only when thought to be necessary under all of the circumstances. Unless specifically permitted or invited by the court, letters between counsel should not be sent to judges.

### 2. Scheduling Issues

a. We will not use any form of discovery or discovery scheduling as a means of harassment.

b. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

c. We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions that produce good faith calendar conflicts on the part of other counsel, where it is possible to do so without prejudicing the client's rights. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

d. We will notify other counsel and, if appropriate, the court or other persons, at the earliest possible time when hearings, depositions, meetings, or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the court to use the previously reserved time for other matters.

e. Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines. After a first extension, any additional requests for time will be considered by balancing the need for expedition against the deference one should ordinarily give to an opponent's schedule of personal and professional engagements, the reasonableness of the length of extension requested, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

f. We will not request an extension of time solely for the purpose of unjustified delay or to obtain a tactical advantage.

g. We will not attach to extensions unfair and extraneous conditions. We may impose conditions for the purpose of preserving rights that an extension might jeopardize, or for seeking reciprocal scheduling concessions. We will not, by granting extensions, seek to preclude an opponent's substantive rights, such as his or her right to move against a complaint.

### 3. Service of Papers

a. We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

b. We will not serve papers sufficiently close to a court appearance so as to inhibit the ability of opposing counsel to prepare for that appearance or, where permitted by law, to respond to the papers.

c. We will not serve papers in order to take advantage of an opponent's known absence from the office or at a time or in a manner designed to inconvenience an adversary, such as late on a Friday afternoon or the day preceding a secular or religious holiday.

d. When it is likely that service by mail, even when allowed, will prejudice the opposing party, we will effect service personally or by facsimile transmission.

### 4. Depositions

a. We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions

2

for the purpose of harassment or to increase litigation expense.

b. We will not engage in any conduct during a deposition that would be inappropriate in the presence of a judge.

c. During depositions we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action. We will not inquire into a deponent's personal affairs or question a deponent's integrity where such inquiry is irrelevant to the subject matter of the deposition. We will refrain from repetitive or argumentative questions or those asked solely for purposes of harassment.

d. When defending a deposition, we will limit objections to those that are well founded and necessary to protect our client's interests. We recognize that most objections are preserved and need be interposed only when the form of a question is defective or privileged information is sought.

e. When a question is pending, we will not, through objections or otherwise, coach the deponent or suggest answers.

f. We will not direct a deponent to refuse to answer questions unless they seek privileged information or are manifestly irrelevant or calculated to harass.

g. When we obtain documents pursuant to a deposition subpoena, we will make copies of the documents available to opposing counsel at his or her expense, even if the deposition is canceled or adjourned.

## 5. Document Demands

a. We will carefully craft document production requests so they are limited to those documents we reason-ably believe are necessary for the prosecution or defense of an action. We will not design production requests to harass or embarrass a party or witness or to impose an undue burden or expense in responding.

b. We will respond to document requests in a timely and reasonable manner and not strain to interpret the request in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents.

c. We will withhold documents on the grounds of privilege only where it is appropriate to do so.

d. We will not produce documents in a disorganized or unintelligible manner, or in a way designed to hide or obscure the existence of particular documents.

e. We will not delay document production to prevent opposing counsel from inspecting documents prior to scheduled depositions or for any other tactical reason.

## 6. Interrogatories

a. We will carefully craft interrogatories so that they are limited to those matters we reasonably believe are necessary for the prosecution or defense of an action, and we will not design them to harass or place an undue burden or expense on a party.

b. We will respond to interrogatories in a timely and reasonable manner and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information.

c. We will base our interrogatory objections on a good faith belief in their merit and not for the purpose of withholding or delaying the disclosure of relevant information. If an interrogatory is objectionable in part, we will answer the unobjectionable part.

## 7. Settlement and Alternative Dispute Resolution

a. Except where there are strong and overriding issues of principle, we will raise and explore the issue of settlement in every case as soon as enough is known about the case to make settlement discussion meaningful.

b. We will not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying trial.

c. In every case, we will consider whether the client's interest could be adequately served and the controversy more expeditiously and economically disposed of by arbitration, mediation, or other forms of alternative dispute resolution.

## 8. Written Submissions to a Court, Including Briefs, Memoranda, Affidavits, Declarations, and Proposed Orders.

a. Before filing a motion with the court, we will engage in more than a mere *pro forma* discussion of its purpose in an effort to resolve the issue with opposing counsel.

b. We will not force our adversary to make a motion and then not oppose it.

c. In submitting briefs or memoranda of points and authorities to the court, we will not rely on facts that are not properly part of the record. We may present historical, economic, or sociological data, if such data appears in or is derived from generally available sources.

3

d. In civil actions, we will stipulate to relevant matters if they are undisputed and if no good faith advocacy basis exists for not stipulating.

e. Unless directly and necessarily in issue, we will not disparage the intelligence, morals, integrity, or personal behavior of our adversaries before the court, either in written submissions or oral presentations.

f. We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

g. We will not move for court sanctions against opposing counsel without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

h. We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

i. When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the court.

9. *Ex Parte* **Communications With the Court**

a. We will avoid *ex parte* communication on the substance of a pending case with a judge (or his or her law clerk) before whom such case is pending.

b. Even where applicable laws or rules permit an *ex parte* application or communication to the court, before making such an application or com-

munication we will make diligent efforts to notify the opposing party or his or her attorney. We will make reasonable efforts to accommodate the schedule of such attorney, so that the opposing party may be represented on the application.

c. Where the rules permit an *ex parte* application or communication to the court in an emergency situation, we will make such an application or communication only where there is a *bona fide* emergency such that the lawyer's client will be seriously prejudiced by a failure to make the application or communication on regular notice.

C. **Lawyers' Duties to the Court**

1. We will speak and write civilly and respectfully in all communications with the court.

2. We will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, we will notify the court and counsel, if possible.

3. We will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.

4. We will not engage in any conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5. We will not write letters to the court in connection with a pending action, unless invited or permitted by the court.

6. Before dates for hearing or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the court of any likely problems.

7. We will act and speak civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

D. **Judges' Duties to Others**

1. We will be courteous, respectful, and civil to the attorneys, parties, and witnesses who appear before us. Furthermore, we will use our authority to ensure that all of the attorneys, parties, and witnesses appearing in our courtrooms conduct themselves in a civil manner.

2. We will do our best to ensure that court personnel act civilly toward attorneys, parties and witnesses.

3. We will not employ abusive, demeaning, or humiliating language in opinions or in written or oral communications with attorneys, parties, or witnesses.

4. We will be punctual in convening all hearings, meetings, and conferences.

5. We will make reasonable efforts to decide promptly all matters presented to us for decision.

6. While endeavoring to resolve disputes efficiently, we will be aware of the time constraints and pressures imposed on attorneys by the exigencies of litigation practice.

7. Above all, we will remember that the court is the servant of the people, and we will approach our duties in this fashion.

4