UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Ralph Loeb<br>Jill Pietrini | Joseph Lipari |

**Proceedings:** DEFENDANT'S MOTION TO VACATE JUDGMENT (dkt. 12, filed April 3, 2014)

## I.     INTRODUCTION AND BACKGROUND

On April 2, 2008, plaintiff Life Alert Emergency Response, Inc. ("Life Alert") filed this action against defendant Lifewatch, Inc. ("Lifewatch"). Life Alert asserted claims for (1) federal trademark infringement under 15 U.S.C. § 1114, (2) violation of 15 U.S.C. § 1125(a), and (3) unfair competition. Dkt. 1. In brief, Life Alert manufactures and services a medical alert device for the elderly, and contends that Lifewatch infringed its rights in certain trademarks relating to the phrase "Help, I've Fallen and I Can't Get Up." Compl. ¶¶ 14-17.

On May 2, 2008, Life Alert requested that the Clerk enter default against Lifewatch. Dkt. 5. On May 5, 2008, the Clerk entered default. Dkt. 6. Life Alert subsequently moved for a default judgment. Dkt. 8. On August 25, 2008, the Court granted Life Alert's motion, and entered a final judgment and permanent injunction against Lifewatch. Dkts. 9-11.

On April 3, 2014, defendant moved to vacate the default judgment and permanent injunction. Dkt. 12. Plaintiff filed it opposition on April 21, 2014, dkt. 15, and plaintiff replied on April 28, 2014, dkt. 16. On May 19, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id.

Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

### III. ANALYSIS

Defendant contends that it was never served with the summons and complaint. Plaintiff's proof of service shows that service was made upon an individual named Carlos Ahunamada. Dkt. 3. Defendant avers that no one by this name has ever been employed or affiliated with Lifewatch. Sirlin Decl. ¶¶ 3-6. Defendant states that it therefore never received proper notice of this action, the entry of default, or the final judgment and permanent injunction. Accordingly, defendant argues that the judgment and permanent injunction should be vacated pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

### A. Rule 60(b)(4)

Beginning with defendant's motion under Rule 60(b)(4), the Court finds that the judgment should not be vacated under Rule 60(b)(4), which applies when "the judgment is void." Defendant argues that the "judgment is void" under Rule 60(b)(4) because it was not properly served with the summons and complaint, and this Court thus lacks personal jurisdiction over defendant. Plaintiff's proof of service indicates that service of the summons and complaint was effectuated on April 3, 2008, upon an individual named Carlos Ahunamada, located at 1344 Broadway, Suite 106, Hewlett, NY. Dkt. 3. Defendant states that (1) it has never done business at that location, mot. 1, (2) that it has never employed an individual named Carlos Ahunamada, Sirlin Decl. ¶¶ 3-6, and (3) that it was never served with the summons and complaint, id. ¶ 2. Defendant further states that its business location was in fact located at 1315B Broadway, Suite 106, Hewlett, New York 11557. Mot. 1.

Plaintiff responds that it provided its process server with both the 1344 Broadway and the 1315B Broadway addresses, and that the process server in fact served the summons and complaint at the 1315B address. MacDonald Decl. ¶ 2-3. Plaintiff submits a declaration from its process server explaining that it mistakenly entered the 1344 Broadway address on the proof of service, even though service was in fact effectuated at the 1315B Broadway Address, id. ¶ 5. Plaintiff further notes that the motion for default judgment was subsequently served via mail to 1315B Broadway, defendant's proper address. Dkt. 8. "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." Cal. Evid. Code § 641.

The Court finds that the judgment should not be vacated under Rule 60(b)(4), for three reasons. First, as discussed more fully below in the context of Rule 60(b)(6), some Ninth Circuit authority suggests that a finding of culpable conduct precludes relief under all subprongs of Rule 60(b). See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) ("[T]he 'good cause' standard that governs the lifting of entries of default under Fed. R. Civ. P. 55(c) govern the vacating of a default judgment under Rule 60(b) as well. Those factors are: whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff."); Wooldridge v. California, 178 F. App'x 743, 745 (9th Cir. 2006) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 815 (9th Cir. 1985) for the proposition that "because defendant's culpable conduct led to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

default judgment, denial of Rule 60(b) motion can be upheld without addressing the merits of the defense or potential prejudice to plaintiff if case were reopened"). Here, for the reasons discussed below, the Court concludes that defendant's default was caused by its culpable conduct.[1] As such, under the authority cited above, defendant's motion under Rule 60(b)(4) is barred.

Second, even if defendant was not properly served, defendant concedes that it received actual notice of this action. Sirlin Decl. 6-7. Because defendant received actual notice, the constitutional guarantee of due process was satisfied, even assuming plaintiff's service of process did not comply with statutory procedures. See Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1203 (9th Cir. 2008) ("Because 'due process does not require actual notice,' it follows a fortiori that actual notice satisfies due process. We find the argument that the Constitution requires something *more* than actual notice strained to the point of the bizarre." (quoting Jones v. Flowers, 547 U.S. 220, 225 (2006))). But a judgment is void for lack of personal jurisdiction under Rule 60(b)(4) only if the asserted defect in personal jurisdiction violates constitutional minimums. See In re Ctr. Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir. 1985) ("We recognize, of course, that Owens-Corning must prove a constitutional, not merely statutory, violation to succeed on its Rule 60(b)(4) motion."). Accordingly, because defendant had actual notice, the defects in service do not provide a basis for vacating the judgment under Rule 60(b)(4).

Finally, plaintiff has not met his "substantial" burden of showing that it was not properly served. S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th Cir. 1993) (quotation omitted). Here, of course, the signed return of service reflects the wrong address. Plaintiff, however, has supplied a declaration from its process server explaining that service was in fact made at the correct 1315B Broadway address. MacDonald Decl. ¶ 2-3. In support of this declaration, plaintiff also submits a contemporaneous email from its process server to

---

[1] Although these cases, by their terms, discuss the culpability standard as applying to all motions under Rule 60(b), neither TCI Group and Wooldridge specifically dealt with Rule 60(b)(4). Instead, both cases decided motions to vacate brought under Rule 60(b)(1).

Case 2:08-cv-02184-CAS-FFM   Document 21   Filed 05/19/14   Page 5 of 7   Page ID #:364

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

plaintiff stating that service had been effectuated at the 1315B Broadway address. Id. Ex. A. Defendant questions the credibility of plaintiff's explanation, but provides no definitive evidence refuting it beyond (1) the fact that service was effectuated on Mr. Ahunamada and (2) declarations that it never received the summons and complaint.

Taken as a whole, this conflicting evidence is inconclusive at best. The ambiguity is in no small part the result of the over-six-year delay since service was supposedly effectuated. This delay, which is primarily the result of defendant's tardiness in bringing this motion, means that it is difficult, if not impossible, to definitively resolve whether or not plaintiff was in fact properly served. In light of this ambiguity, the Court concludes that defendant has not met its burden of showing by "strong and convincing evidence that [it]was not served with process." Internet Solutions for Bus. Inc., 509 F.3d at 1167. This is especially so in light of the fact that the motion for default judgment was undisputedly served by mail to defendant's correct address. See id. at 1166 ("A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss. The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay."). . Accordingly, the Court concludes that the judgment should not be vacated under Rule 60(b)(4).

**B. Rule 60(b)(6)**

Turning to defendant's motion under Rule 60(b)(6), the Court finds that relief under Rule 60(b)(6) would be inappropriate as well, for two reasons. First, defendant's motion is untimely. Fed. R. Civ. P. 60(c)(1) requires that a "motion under Rule 60(b) must be made within a reasonable time."[2] Whether defendant acted within a reasonable time "depends on the reason for failing to act sooner and whether the non-moving party has been prejudiced by the delay." In re Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir.

---

[2] Although Rule 60(c)(1) applies by its terms to both Rule 60(b)(4) and 60(b)(6), courts have generally not applied the "reasonable time" requirement to motions under Rule 60(b)(4). See In re Walker, 2003 WL 22474836 at *3 (D. Ariz. Sept. 26, 2003) ("It is well established that, unlike other grounds under Rule 60, there is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

1989). Setting aside judgments after a lengthy delay requires a showing of "extraordinary circumstances." United States v. Holtzman, 762 F.2d 720 (9th Cir. 1985).

Here, the final judgment and permanent injunction were entered over five years ago. Dkts. 9-11. Moreover, even if the Court were to accept defendant's representations that it was not served with the summons and complaint, defendant nonetheless concedes that it received notice of this action no later than August 28, 2013. Mot. 1. But defendant did not move to vacate the judgment until April 3, 2014. Dkt. 12. Defendant offers no explanation for this delay of over seven months. Moreover, plaintiff would be severely prejudiced if the judgment were vacated and this case had to be relitigated from the beginning. Plaintiff's complaint alleged that defendant published print and internet advertisements that infringed plaintiff's trademarks. Compl. ¶ 15. Given the fast-changing realities of the internet, there is a substantial danger that much of the evidence plaintiff would need to substantiate its complaint will have been destroyed or lost in the six years since this Court entered judgment. As a practical matter, then, vacating this judgment would likely be tantamount to preventing plaintiff from proceeding with this case at all. Accordingly, the Court concludes that defendant has not made a showing of "extraordinary circumstances," and defendant's motion was therefore not "made within a reasonable time" as required by Fed. R. Civ. P. 60(c)(1).

Further, even if defendant's motion were timely, the Court would still find that the motion should be denied. The Court considers three factors when evaluating whether there is good cause to vacate a default judgment: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan, 244 F.3d at 696. Because these factors are disjunctive, the district court may deny a motion to vacate "if any of the three factors [are] true." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

The Court finds that defendant's culpable conduct led to the default. A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Here, plaintiff has supplied two pieces of evidence demonstrating that defendant had actual notice of this action in April 2008, before the entry of default. First, plaintiff submits an April 12, 2008 facsimile transmission sent to plaintiff's counsel by Evan Sirlin, the president of Lifewatch. Loeb Decl. Ex. A. This letter discusses the differences between plaintiff's business and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02184-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. V. LIFEWATCH, INC. | | |

defendant's business, and concludes by stating "If this letter does not satisfy you as far as your issues, please use this letter as a request for an extension to respond until I can hire a Lawyer from California."  Id.  Second, plaintiff submits an April 23, 2008 email exchange between plaintiff's counsel and Sirlin.  Loeb Decl. Ex. B.  Plaintiff's counsel acknowledged receipt of Sirlin's April 12, 2008 facsimile, declined to agree to an extension of time for defendant to respond, and stated that plaintiff would not request an entry of default until May 2, 2008.  Defendant responded by stating, in pertinent part, "I will answer with a lawyer by may 2.  And I will counter sue."  Id.

In its reply, defendant concedes that Sirlin authored the facsimile and email submitted by plaintiff.  Sirlin Decl. ¶¶ 9-12.  Sirlin states, however, that: "In response to my email, Mr. Loeb and I had conversations shortly after I returned from vacation.  He stated that Life Alert was withdrawing the lawsuit and that I did not need to do anything further."  Id. ¶ 13.  But Sirlin does not provide any specifics about these "conversations," or any documentation or other evidence demonstrating that the conversations took place.  Nor did defendant take any steps at all to confirm that the lawsuit had in fact been withdrawn.  The Court therefore declines to credit defendant's explanation for why it did not respond despite having actual notice of this action.  Accordingly, the Court concludes that defendant's culpable conduct led to the default, and that the judgment should therefore not be vacated under Rule 60(b)(6).

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motion to vacate the final judgment and permanent injunction.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |